UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN GIBSON,<br>　　　　　　　　　Plaintiff,<br>v.<br>LOWE'S HOME CENTERS, LLC,<br>　　　　　　　　　Defendant.<br>_____/ | Case No. 24-10864<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING MOTION TO COMPEL (ECF No. 12)

Plaintiff moves for an order compelling depositions and discovery responses, for spoliation sanctions, and for payment of costs and fees. (ECF No. 12). This motion was referred to the undersigned. (ECF No. 15).

During September 2024, the Court entered a stipulated order compelling Defendant to respond to Plaintiff's first set of interrogatories and document requests. (ECF No. 9). Plaintiff says this discovery required production of any incident report, photographs, witness statements, and surveillance footage of the injury that allegedly occurred in a Lowe's store. According to Plaintiff, these documents and video exists but Defendant is either withholding it or lying about its non-existence. And Plaintiff contends that Defendant has been silent about rescheduling its employees' depositions. (ECF No. 12).

"Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id*. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Plaintiff requested "any written 'report' and/or photographs and/or documents and/or video and/or surveillance exist [sic] as a result of any of Defendant's investigations and/or inspections related to Plaintiff's alleged injury." (ECF No. 12, PageID.123). Defendant responded that there was no CCTV footage of the alleged incident and that it was unaware of any store incident report or photographs concerning the incident. (*Id.* at PageID.123-24).

*Incident Report*

According to Plaintiff, three witnesses, including himself, confirmed that there was an incident report concerning his injury. Defendant employs Sedgwick Claims office to handle all claims. One of Defendant's district managers, Steven Depestel, testified that injuries in the store are reported electronically through Sedgwick. (ECF No. 12, PageID.94-95). But as Defendant notes, Mr. Depestel testified about the liability claims process; he did not say that an incident report was created about Plaintiff. (ECF No. 14, PageID.173). Defendant insists that there was no store incident report, no document drafted and uploaded to Sedgwick about Plaintiff. (*Id.* at PageID.173-74).

Plaintiff attempts to call Defendant's representations into question with citation to a discovery response from Sedgwick. Plaintiff subpoenaed documents from Sedgwick; the requests were not attached to the brief. In response, Sedgwick explained that it provided available documents and that the case was transferred to Lowe's, so any further documents would need to come from Lowe's. (ECF No. 12, PageID.145). In view of Mr. Depestel's testimony, Defendant's representations, and Sedgwick's subpoena response, Plaintiff believes someone is not telling the truth. (*Id.* at PageID.95).

The Court does not credit Plaintiff's suspicion that an incident report exists. Defendant's employee did not testify that a report was created or submitted about Plaintiff's incident. Defendant's counsel, who is undoubtedly aware of their

3

obligations of candor to the Court and the warnings in Fed. R. Civ. P. 11, represents that Lowe's created no incident report. And finally, Sedgwick's discovery response does not raise a question about whether an incident report exists that was not produced.

Given the lack of suspicion, the motion to compel is **DENIED** as to incident reports. The Court cannot compel what does not exist.

*Surveillance Footage*

Plaintiff similarly suggests that video evidence of the alleged injury exists but Defendant is hiding the evidence. Attached to the brief is a picture of a camera hanging from the ceiling that is purportedly placed where the incident occurred. (ECF No. 12, PageID.149-50). Plaintiff says that cameras also would have captured him walking into and out of the store, perhaps showing him limping out of the store. Mr. Depestel testified that video is retained for 90 days, after which it is removed from the server. He also testified that the store would save video on receipt of a letter from an attorney asking that video in a certain area of the store be preserved. (*Id.* at PageID.96-97). Plaintiff's counsel requested surveillance footage on November 16, 2023, days after the incident, yet no video has been produced. Because of these facts, Plaintiff insists video exists.

Defendant has several responses to the arguments. First, it asserts that there is no camera footage of the incident because of the location of the aisle where the

incident occurred.  (ECF No. 14, PageID.174).  Next, it takes issue with Plaintiff expanding the scope of the request.  The request seeks video or surveillance that exists "as a result of any of defendant's investigations" or inspections concerning the incident.  Plaintiff did not ask for footage of himself entering and leaving the store.  (*Id.* at PageID.175).  Finally, Defendant contends that Plaintiff never sent a preservation letter.  The letter counsel sent to Defendant sought only the production of video "of the incident;" there was no mention of preservation.  And there are deficiencies in the letter.  Though counsel correctly identified Plaintiff's name and incident date in the "regarding" section, the body of the letter names someone else and a different incident date.  (*See* ECF No. 152).  And, again, Defendant insists that there is no video "of the incident" to produce or preserve.  (ECF No. 14, PageID.175-76).

    Here, too, the Court cannot compel production of what does not exist.  The Court need not evaluate Plaintiff's "preservation letter" because the Court's takes Defendant's counsel's word that there was no video that would show the incident.  As far as Plaintiff's new request for video of the entrance to the store—that request is improperly propounded in a motion to compel.  Plaintiff did not request entrance footage in its documents request or in the "preservation letter."  The motion to compel is **DENIED** as to video or surveillance.

    *Depositions*

At the time Plaintiff's motion was filed, only one of Defendant's witnesses, Mr. Depestel, had been deposed. Plaintiff accuses Defendant of unilaterally cancelling the other depositions and remaining silent as to rescheduling. (ECF No. 12, PageID.97). Plaintiff did not say how many depositions remain to be scheduled.

Defendant tells a different story. Two of the cancelled depositions had been rescheduled before Plaintiff filed his motion to compel. (ECF No. 14-2). The email communication attached to the brief does not show any undue delay from Defendant. Those depositions occurred before Defendant filed the response brief. So Defendant argues that there is no basis to compel depositions.

Plaintiff did not file a brief in reply to clarify or challenge Defendant's representations. Thus, it is unclear whether more depositions need to be scheduled or whether depositions are complete. The Court will not draw ambiguities in Plaintiff's favor as he is the movant charged with the burden of demonstrating entitlement to relief. The motion to compel depositions is **DENIED**.

Because the motion to compel is denied in full, the Court will not address Plaintiff's requests for sanctions and fees—he is entitled to neither.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: January 28, 2025               s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge