UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN GIBSON,<br>    Plaintiff,<br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br>    Defendant.<br>_____/ | Case No. 24-10864<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW
CAUSE AND DENYING DEFENDANT'S MOTION TO COMPEL
(ECF Nos. 19, 20)**

On June 24, 2025, the District Judge referred two motions to the undersigned: Plaintiff Brian Gibson's motion for an order to show cause, (ECF No. 19), and Defendant Lowe's Home Centers, LLC's motion to compel depositions and extend discovery and dispositive motion deadlines or, alternatively, strike witnesses, (ECF No. 20). (ECF No. 22). For the following reasons, each motion is **DENIED**.

I.   **BACKGROUND**

A.   Plaintiff's Motion for Order to Show Cause (ECF No. 19)

Plaintiff allegedly suffered an injury after an incident in the plumbing department at one of Defendant's stores on November 5, 2023. (ECF No. 1-1). Defendant employs Sedgwick Claims Management Services, Inc. to process claims

lodged against Defendant for injuries suffered at Defendant's stores. As addressed in a prior Order, Plaintiff believes there is a written report about his alleged incident. (ECF No. 17). The Court, however, has accepted Defendant's consistent representations that no such incident report exists and denied a motion to compel production of said incident report. (*Id.* at PageID.223 ("The Court cannot compel what does not exist.")).

Undeterred, Plaintiff is back before the Court requesting relief designed to obtain information regarding the supposed incident report although on a different posture.

Plaintiff's counsel served a deposition subpoena on non-party Riya Foster, a Liability Claims Representative with Sedgewick Claims, on January 31, 2025. (ECF No. 19, PageID.234, PageID.253-54). According to Defendant, Plaintiff's counsel unilaterally scheduled the deposition to occur on February 14, 2025 via Zoom; Plaintiff did not submit any briefing to contest this accusation. (*Id.* at PageID.237). As defense counsel was unavailable that day, counsel—who does not represent Foster—made it clear that he would not attend the deposition. (*Id.*). At any rate, Foster also did not appear for the deposition. (*Id.* at PageID.234).

Foster's absence from her deposition is especially problematic because, according to Plaintiff, she apparently has knowledge of the sought-after incident report. (*Id.*). Since Foster was the claims adjuster for Plaintiff's incident, Plaintiff

reasons that Foster knows about the report because she wrote in a letter that Defendant's "store reported an incident on [Plaintiff's] behalf." (*Id.* at PageID.239). Foster's testimony is also important because Plaintiff believes she can identify the employee(s) involved in his alleged incident. (*Id.* at PageID.234). Such testimony is of particular import because Plaintiff testified that the employee responsible for the incident was an African American man, but Defendant produced a White woman as the individual involved. (*Id.*).

    Because Foster did not appear for her deposition and her testimony is perceived to be critical to his case, Plaintiff asks the Court to issue an order to show cause to Foster so she can explain why she should not be held in contempt for ignoring the subpoena.

    Notably, the certificate of service for Plaintiff's motion does not indicate that Foster received the motion. (*Id.* at PageID.235). Perhaps that is why Foster has not submitted a response to date.

    Defendant filed a response in opposition to Plaintiff's motion. First, Defendant argues that Plaintiff did not establish that it properly served its subpoena on Foster because (1) the certificate of service "does not indicate the time, date, place, or manner of service[,]" (2) the deposition—which was to take place via Zoom—did not include a Zoom link, and (3) the subpoena did not provide a

3

witness fee as required under Federal Rule of Civil Procedure 45(b)(1). (ECF No. 21, PageID.335).

Second, Defendant contends that the "claimed basis for the deposition is unfounded." (*Id.*). That is, Plaintiff need not depose Foster because Defendant has already disclosed the identity of all the employees working in the plumbing department at the time of Plaintiff's incident, including the "individual employee who actually had contact with Plaintiff on the day of the incident and recalls the incident." (*Id.* at PageID.328, PageID.335-36). And, as indicated, Defendant still maintains that the incident report Plaintiff seeks does not exist, pointing out that Foster's letter did not confirm the existence of a written incident report and only stated that Defendant's local store reported Plaintiff's incident to Sedgwick Claims.[1] (*Id.* at PageID.327).

And third, Defendant asserts that Plaintiff already possesses all nonprivileged documents from Sedgwick Claims and that any further knowledge Foster may have falls under the work-product privilege. (*Id.* at PageID.336).

B.  Defendant's Motion to Compel (ECF No. 20)

Defendant's motion focuses on the noticed depositions of Robert Hardy, Plaintiff's longtime friend, and Kevin Reese, Plaintiff's former brother-in-law, who

---

[1] Plaintiff included the same letter with his unsuccessful motion to compel production of the incident report. (ECF No. 12, PageID.127).

4

were both present at the time of the alleged incident.  (ECF No. 20, PageID.260).  Originally, Plaintiff's counsel sought to depose Hardy and Reese three times, but they did not appear at any of the noticed depositions.  (*Id.* at PageID.261; ECF No. 20-2).  On counsel's last attempt to serve deposition subpoenas, the process server, Gary Williams, confirmed he was able to serve Hardy on March 25, 2025; conversely, Reese refused to accept the subpoena.  (ECF No. 20, PageID.260; ECF Nos. 20-3, 20-4).  Plaintiff has not filed a motion regarding Hardy's and Reese's refusal to appear for their depositions.

Defense counsel then took a crack at it.  Counsel sent deposition subpoenas to Hardy and Reese via regular and certified mail.  Defense counsel did not receive a return mailing from Reese, and Reese did not appear at the deposition scheduled for June 2, 2025.  Though Hardy received his deposition subpoena via certified mail, he did not appear at his deposition either.  (ECF No. 20, PageID.261; ECF Nos. 20-5, 20-6, 20-7).  Hardy and Reese did not file a motion to quash or modify the subpoena, file a motion for a protective order, or provide written objections to their respective subpoenas.

Defendant seeks several forms of relief as a result of Hardy's and Reese's failure to appear.  It asks the Court to (1) compel their depositions through a show cause or other order, and (2) extend discovery and the dispositive motion deadline by 90 days.  (ECF No. 20, PageID.263).  Alternatively, Defendant wants the Court

5

to strike Hardy and Reese as witnesses, together with any testimony or statements of any kind from them. (*Id.*). Plaintiff concurs with Defendant's motion to compel and motion to extend discovery; he does not concur with the motion to strike. (*Id.*).

## II.     ANALYSIS

Rule 45(b)(1) requires the party serving the subpoena to deliver a copy to the person named therein and, if the subpoena requires that person's attendance, to tender the fees for one day's attendance and the mileage allowed by law. Additionally, Rule 45(b)(4) states that proof of service, when necessary, must be filed with the issuing court and must include "a statement showing the date and manner of service and the names of the persons served."

This Court has also held that Rule 45 requires personal service. *Jones v. St. Clair Cnty.*, No. 24-cv-11965, 2025 WL 1242864, at *1 (E.D. Mich. Apr. 29, 2025); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011). Even so, "[m]ost judges in this district that have considered the issue agree that Rule 45 allows service of a subpoena by alternative means." *Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting case). The Court may authorize alternative means of service under Rule 45 "only after *the party requesting the accommodation* diligently attempted to effectuate personal service." *Shockley v.*

*Fam. Dollar Stores of Michigan, LLC*, No. 18-CV-12761, 2019 WL 13202179, at *2 (E.D. Mich. Sept. 9, 2019) (citing *Oceanfirst Bank*, 794 F. Supp. 2d at 754) (emphasis added). "The alternate means [of service] must reasonably be calculated to achieve actual delivery." *Id.*

Furthermore, "failure to tender fees and mileage expenses renders a subpoena invalid and releases the witness of any obligation to appear." *Mays v. Daviess Cnty. Det. Ctr.*, No. 4:20-CV-00197, 2021 WL 1601094, at *1 (W.D. Ky. Apr. 23, 2021). *See* 9A Wright & Miller's Federal Practice & Procedure § 2454 (3d ed. June 10, 2025 Update) ("Failure to tender appropriate sums at the time the subpoena is served invalidates the subpoena."); *Iron Workers Loc. 25 Pension Fund v. Steel Structures, Inc.*, No. 04-CV-72536, 2012 WL 6114925, at *2 (E.D. Mich. Nov. 19, 2012) (denying a motion for an order to show cause because the serving party did not provide the necessary witness fees), *report and recommendation adopted*, 2012 WL 6114921 (E.D. Mich. Dec. 10, 2012). That the deposition is to occur via a videoconferencing service like Zoom does not nullify the witness fee requirement. *See Capana Swiss Advisors, AG v. Rymark Inc.*, No. 25-153, 2025 WL 549357, at *8 (E.D. La. Feb. 19, 2025) (determining that a deposition subpoena was facially invalid because, in part, the serving party failed to tender the required witness fee even though the deposition was to take place over Zoom).

7

A.   Plaintiff's Motion for Order to Show Cause

To begin with, it is worth reiterating that Plaintiff apparently did not serve his motion on Riya Foster and that Plaintiff did not file a reply brief showing that Foster received service of the motion. Accordingly, Foster herself has not had an opportunity to explain why she did not appear for the deposition.

Separately, Plaintiff argues that it properly served the deposition subpoena on Foster. Plaintiff asserts that Foster received service of the subpoena on January 31, 2025. The proof of service document filed with Plaintiff's motion indicates that Plaintiff's counsel served Foster at Sedgwick Claims; though counsel did not fill in the date he served Foster, he signed the proof of service document on January 31, 2025. So it would appear that Foster received personal service of process of the deposition subpoena on that day.

The more glaring issue is the failure to provide the required witness fee. Nothing in Plaintiff's motion, briefing, or proof of service documents indicate that Plaintiff's counsel tendered the witness fee. Plaintiff also did not file a reply brief to rebut Defendant's argument and show that counsel did tender the appropriate fee. Even though the deposition was to occur over Zoom, Plaintiff's counsel still had to satisfy the witness fee requirement. *See Capana Swiss Advisors, AG*, 2025 WL 549357, at *8. Counsel's failure to tender the witness fee rendered the

8

subpoena invalid and vitiated Foster's obligation to appear. *See Mays*, 2021 WL 1601094, at *1.[2]

Plaintiff's motion is therefore **DENIED**.

B.  Defendant's Motion to Compel

Under Rule 30(a), a party can depose any person, and the "deponent's attendance may be compelled by subpoena under Rule 45." "In order to obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." *Skymark Properties Corp., Inc. v. Katebian*, 2023 WL 11983355, at *2 (E.D. Mich. June 5, 2023) (citation modified).

To obtain the motion to compel it seeks, Defendant had to properly serve its deposition subpoenas on Hardy and Reese. Though Defendant served the subpoenas on Hardy and Reese via certified and regular mail, Rule 45 ordinarily requires personal service of the deposition subpoenas. As such, Defendant's attempts at service were improper.

---

[2] Despite the failure to tender the witness fee, Foster may have intended to appear for her deposition. As Defendant points out, the deposition subpoena did not include a Zoom link, and there is no indication that Plaintiff's counsel shared the Zoom link with Foster. It goes without saying that Foster could not appear via Zoom if she did not have the proper information.

9

Going one step further, each attempt to serve deposition subpoenas on Hardy and Reese was arguably improper. As for Plaintiff's first two attempts, there is no indication Hardy and Reese actually received service of process given that the provided proof of service documents are blank. (ECF No. 20-2). With respect to Plaintiff's third attempt, there is no proof he tendered the required witness fee, just like with the deposition subpoena served upon Foster. (ECF Nos. 20-3, 20-4). As discussed above, failure to do so vitiates any obligation to attend the deposition. And as for Defendant's one and only attempt to serve Hardy and Reese, Defendant did not first attempt to personally serve Hardy and Reese. Defendant also cited no authority that would permit it to rely on Plaintiff's attempts at service as the basis for alternative service.

All that said, alternative service may be proper "only after the party requesting the accommodation diligently attempted to effectuate personal service." *Shockley*, 2019 WL 13202179, at *2. But Defendant—the party seeking relief based on an alternative form of service—did not first attempt to personally serve Hardy or Reese, nor did Defendant seek leave from the Court to serve Hardy and Reese by alternative means. Accordingly, Defendant's motion to compel Hardy's and Reese's deposition is **DENIED**.

Defendant's motion to extend discovery is also **DENIED**. When the Court entered the parties' stipulated order to extend scheduling order dates, the District

10

Judge stated that "NO FURTHER EXTENSIONS WILL BE GRANTED." Thus, the undersigned will not authorize an extension here. Even so, the undersigned understands that the parties may have held off on filing dispositive motions until after the resolution of their respective discovery motions. The dispositive motion deadline has now passed. Accordingly, the undersigned urges the parties to revisit the possibility of an extension of the dispositive motion deadline with the District Judge.

Finally, Defendant's motion to strike Hardy and Reese as witnesses is **DENIED**. Defendant did not develop an argument in support of its position.[3] "[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted). Consequently, the Court will not afford the alternative relief sought.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

---

[3] Defendant's motion and brief do not contain a single citation to authority on this issue.

11

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 23, 2025                    <u>s/Curtis Ivy, Jr.</u>
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge